[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR JUDGMENT
The plaintiff, Hoffman Fuel Company, commenced this action pursuant to an application for a prejudgment remedy dated September 13, 1989. On November 20, 1989, the court granted the application and ordered, in part, garnishment of the defendant Saddle USA's bank account. On February 5, 1991, the defendant filed a Chapter 11 bankruptcy petition in the United States Bankruptcy Court for the District of Connecticut. (The filing of the bankruptcy action imposed an automatic stay on the plaintiff's state court action.) On February 21, 1990, the plaintiff filed a proof of claim in the bankruptcy proceeding, listing its claim as secured. The defendant then commenced an action in the bankruptcy court to set aside the prejudgment garnishment of its bank account. Thereafter, the defendant converted its Chapter 11 proceeding to a Chapter 7 liquidation. The defendant's action to set aside the prejudgment garnishment was dismissed by the bankruptcy court on July 15, 1991, and the bankruptcy case was closed on December 3, 1993.
On April 4, 1994, the plaintiff filed notice with the Superior Court that the defendant's bankruptcy case had been closed, and that it intended to proceed against the defendant's bank account. On this date, the plaintiff also filed a motion for default for failure to plead (docket entry 123). Default entered against the defendant on April 15, 1994. On May 4, 1994, the plaintiff filed a motion for judgment (docket entry 124). On May 9, 1994, the defendant filed an answer along with a special defense alleging that the debt which is the subject of the present action had been discharged in the Chapter 7 bankruptcy proceeding. On May 16, 1994, this court (Fuller, J.) denied the plaintiff's motion for judgment "without prejudice" because the defendant had filed a special defense alleging that the debt was discharged in the bankruptcy action.
On May 31, 1994, the parties appeared in Superior Court for argument on the plaintiff's present motion for judgment dated June 10, 1994. The defendant argued that judgment in favor of the CT Page 8360 plaintiff should not enter because the bankruptcy court ruled that the plaintiff's debt was unsecured and discharged the debt in the Chapter 7 bankruptcy proceeding.
Practice Book § 363A provides in pertinent part that:
 If a party who has been defaulted [for failure to plead] under this section files an answer before a judgment upon the default has been rendered by the court, the clerk shall automatically set aside the default. If a claim for a hearing in damages or a motion for judgment has been filed, the default may be set aside only by the court.
This section does not preclude the filing of a special defense with an answer filed after a default but before judgment. Berdonv. Chicago Title Insurance Co., 5 Conn.L.Rptr. 426 (January 13, 1992, Reilly, J.); Connecticut National Bank v. Maubert,5 Conn.L.Rptr. 13 (October 7, 1991, Potter, J.).
In the present case, the plaintiff filed a motion for default for failure to plead on April 4, 1994, and default entered against the defendant on April 15, 1994. The defendant filed an answer and special defense on May 9, 1994. It is noted that pursuant to Practice Book § 363A, the filing of an answer by the defendant on May 9, 1994 automatically sets aside the default, because no judgment upon the default had been rendered by the court as of that date. As previously noted, the court (Fuller, J.) denied the plaintiff's motion for judgment on May 16, 1994. It is noted that even though the court denied the plaintiff's motion "without prejudice", the defendant's default was (or should have been) set aside pursuant to Practice Book § 363A as of May 9, 1994.
It is clear that this court can no longer act upon the plaintiff's motion for judgment. The motion is denied.
WILLIAM J. McGRATH, JUDGE